UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11463-RWZ

ELIZABETH MANNING, *et al.*

v.

BOSTON MEDICAL CENTER CORPORATION, *et al.*

ORDER

February 28, 2011

ZOBEL, D.J.

Named plaintiffs Elizabeth Manning, Lisa Rivers, and Rhonda Williams filed this class action against an agglomeration of corporate entities associated with the Boston Medical Center, a teaching hospital located in Boston, and two individuals. Boston Medical Center Corporation, Boston Medical Center 403B Retirement Plan, the president and CEO of Boston Medical Center Elaine Ullian, and the senior human resources director James Canavan, are named in the caption.[1] Some 16 other entities are identified as "defendants" in the body of the complaint. (Compl. ¶¶ 16-17, Docket # 1.)

The named plaintiffs worked in some capacity for one or more of these 20 defendants. They allege, in the most general terms, that they were not compensated for work performed during their 30-minute lunch breaks and both before and after their shifts, and for mandatory training. They bring a five-count complaint: (1) violation of the

---

[1]Boston Regional Medical Center, LLC and Boston Regional Medical Center, Inc., were named and voluntarily dismissed from the action. (Docket # 19.)

Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; (2) a failure to keep accurate records in violation of ERISA, 29 U.S.C. § 1059; (3) breach of fiduciary duties under ERISA, 29 U.S.C. § 1104; (4) racketeering in violation of RICO, 18 U.S.C. § 1964; and (5) estoppel. Now pending are defendants' motion to dismiss and to consolidate with another lawsuit filed by plaintiffs, Manning v. Boston Medical Center Corp., No. 09-cv-11724.[2]

**I.      Analysis**

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)). The facts must allow the court to draw a reasonable inference that defendants are liable for the alleged misconduct. Id.. A simple recitation of elements, or statements of legal conclusion, will not suffice. Iqbal, 129 S. Ct. at 1949; see SEC v. Tambone, 597 F.3d 436, 442 (1st Cir. 2010) ("If the factual allegations in the complaint are too meager, vague, or conclusory to remove the possibility of relief from the realm of mere conjecture, the complaint is open to dismissal").

Plaintiffs' complaint runs to 25 pages and 158 paragraphs, yet it lacks even the most basic information about their claims. Their names appear in the caption, the introductory paragraph, and a paragraph titled "Named Plaintiffs" which says only that

---

[2]This second lawsuit was filed in state court against the same defendants and arises out of the same facts. Defendants removed.

they were employees under the FLSA who reside and were employed within the district (Compl. ¶ 75).  Which defendant did they work for?  The complaint includes the vague allegation that the 20 defendants "are the employer (single, joint or otherwise) of the Plaintiffs and Class Members and/or alter egos of each other" (id. at ¶ 25), which is no answer at all.  Nor does it state when they worked, or what their jobs were.  The core of the complaint is the FLSA claim for unpaid wages, premised on general allegations of unpaid work during lunch breaks, before and after shifts, and at mandatory trainings. But the complaint does not allege, even in the most approximate terms, the dates on which each of the named plaintiffs worked during lunch breaks, the aggregate time of those lunch breaks, and the amount of unpaid wages.  Such allegations are similarly lacking for the pre- and post-shift theory of liability, and the complaint fails to identify a single unpaid training which any of the named plaintiffs attended.

The Federal Rules of Civil Procedure do not require fact pleading, but Iqbal and Twombly make clear that 25 pages of boilerplate language will not suffice.  There is not a single specific allegation anywhere in the complaint of unpaid work that named plaintiffs performed.  The only date to be found is in the signature block of plaintiffs' counsel.  The court cannot draw a reasonable inference of liability from this aggregation of conclusory statements and general allegations.[3]  The complaint fails to state any claim.  See Nakahata v. N.Y.-Presbyterian Healthcare Sys., Inc., No. 10 Civ.

---

[3]This lawsuit is one of at least five filed in this district on the same day by plaintiffs counsel against different Massachusetts health care providers, all with virtually identical complaints. Hamilton v. Partners Healthcare, No. 09-cv-11461; Woolfson v. Caregroup, Inc., No. 09-cv-11464; Pruell v. Caritas Christi, No. 09-cv-11466; Cavallaro v. UMass Mem'l Health Care, Inc., No. 09-cv-40152.

2661, 2011 WL 321186, at *6 (S.D.N.Y. Jan. 28, 2011) (describing boilerplate complaints in similar litigation by plaintiffs' counsel as "a vivid demonstrative of how not to plead," and granting motions to dismiss).

Even were the court to credit plaintiffs' conclusory allegations, their ERISA claims, for breach of fiduciary duty and failure to keep records, would fail as a matter of law. An ERISA fiduciary exercises discretionary authority or control in respect to the management or administration of an ERISA plan or plan assets. 29 U.S.C. § 1002(21). Plaintiffs do not take issue with any management decision made by an ERISA plan. They do not claim that, based upon the hours their employers credited them with working, they are owed additional benefits, or that plan assets were squandered. Rather, they dispute the number of hours worked and say that if these additional hours are recognized, they would, as a collateral matter, receive further ERISA benefits. But there is nothing in the complaint to plausibly suggest that the ERISA plan and its fiduciaries have control over the hours that plaintiffs are deemed to have worked. Similarly, there is no suggestion that it is the responsibility of the ERISA plan to keep records, in the first instance, of the number of hours plaintiffs worked. These matters have nothing to do with ERISA.

Plaintiffs' RICO claim also fails as a matter of law for the reasons set forth by Judge Saylor in a well-reasoned opinion dismissing an identical claim. Cavallaro, 2010 WL 3609535, at *2-6 (D. Mass. July 2, 2010.) Judge Saylor identifies numerous terminal failings, but the primary shortfall is the absence of any racketeering activity. Plaintiffs hang their claim on mail fraud (Compl. ¶ 156), and mail fraud may constitute

racketeering, 18 U.S.C. § 1961. One element of a mail fraud claim is "the use of interstate mail . . . communications in furtherance of that scheme." U.S. v. Cheal, 389 F.3d 35, 41 (1st Cir. 2004). The mailings at issue are the paychecks, and plaintiffs have failed to show how those mailings furthered the alleged fraudulent scheme. To the contrary, they made the discovery of the scheme more likely. The paychecks accurately stated the number of hours for which plaintiffs were paid. These records would thus provide notice of the purported fraud because plaintiffs knew the number of hours they actually worked.

**II.   Conclusion**

Defendants' motion to dismiss (Docket # 20) is ALLOWED WITHOUT PREJUDICE as to Count 1 and WITH PREJUDICE as to Counts 2, 3, 4 and 5. Their motion to consolidate (Docket # 12) is DENIED AS MOOT. Plaintiffs' motion for leave to file a response (Docket # 41) is ALLOWED.

|  |  |
|---|---|
| February 28, 2011 | /s/Rya W. Zobel |
| DATE | RYA W. ZOBEL |
|  | UNITED STATES DISTRICT JUDGE |